

# The Attorney General of Texas

February 13, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Roger D. Shipman
Executive Secretary
Texas Board of Veterinary
   Medical Examiners
3810 Medical Parkway, Suite 119
Austin, Texas   78756

Opinion No. JM-426

Re: Per diem for members of
the Board of Veterinary Medical
Examiners

Dear Mr. Shipman:

You seek clarification of Attorney General Opinion JM-382 (1985) with regard to reimbursement of expenses for members of the Texas Board of Veterinary Medical Examiners. In specific, you ask whether Attorney General Opinion JM-382 compels the conclusion that members of the board are not entitled to any reimbursement for the meals and lodging portion of travel expenses incurred in the performance of their official duties.

Attorney General Opinion JM-382 answered several questions about the scope of article 6813f, V.T.C.S., and of an Appropriations Act rider which implements article 6813f. See General Appropriations Act, Acts 1985, 69th Leg., ch. 980, art. V, §4, at 7761. Article 6813f provides in full:

> Section 1. In this Act, 'state board or commission' means a board, commission, committee, council, or other similar agency in the state government that is composed of two or more members.
>
> Sec. 2. A member of a state board or commission is entitled to per diem relating to the member's service on the board or commission. The amount of the per diem is the amount prescribed by the General Appropriations Act.
>
> Sec. 3. Each law prescribing the amount of per diem relating to membership on a state board or commission is suspended to the extent of a conflict with this Act. If the General Appropriations Act does not prescribe the amount of per diem to which a member of a state board or commission is

entitled by law, the law prescribing the amount of per diem is not suspended by this Act. If a law imposes a limit on the number of days for which a member of a state board or commission is entitled to claim per diem, the limit is not suspended by this Act. (Emphasis added).

Section 4 of article V of the current General Appropriations Act implements this statute by prescribing per diem:

PER DIEM OF BOARD OR COMMISSION MEMBERS. As authorized by Section 2 of Article 6813f, Texas Revised Civil Statutes Annotated, the per diem of state board and commission members shall consist of (1) the amounts of compensatory per diem at $30 per day; (2) actual expenses for meals and lodging as authorized by this Act not to exceed the maximum amount allowed as a deduction for state legislators while away from home during a legislative session as established pursuant to the Internal Revenue Code 26 U.S.C. Section 162(i)(1)(B)(ii); and (3) transportation. In the event the maximum amount allowed as a deduction for state legislators pursuant to the Internal Revenue Code as provided above is raised to an amount above $100, the maximum amount of meals and lodging portion of the per diem paid to board and commission members under this section shall not exceed $100.

The items of appropriation for per diem of board or commission members include compensatory per diem only. No employee paid from funds appropriated by this Act shall be paid both a salary and compensatory per diem for concurrent service as a state employee and as a board or commission member. (Emphasis added).

Thus, the term per diem here includes three components: compensation, reimbursement for meals and lodging, and reimbursement for transportation.

You are concerned about whether this rider applies to members of the Board of Veterinary Medical Examiners or whether section 5(h) of the Veterinary Licensing Act, article 7465a, V.T.C.S., applies. Section 5(h) provides:

Each Board member is entitled to a per diem as set by legislative appropriation for each day that

> the member engages in the business of the Board.
> <u>A member may not receive any compensation for
> travel expenses, including expenses for meals and
> lodging, other than transportation expenses.</u>  A
> member is entitled to compensation for transporta-
> tion expenses as prescribed by the General
> Appropriations Act.  (Emphasis added).

You indicate that the comptroller is refusing to reimburse board members for meals and lodging based on this section and on language in Attorney General Opinion JM-382.

> Apparently, the comptroller is relying on our response to his third and fourth questions in Attorney General Opinion JM-382.  His third question was

> > whether Attorney General Opinion MW-388 is still
> > valid as it applies to article 6813f repealing any
> > statute which limits the amount of travel reim-
> > bursement to which a board member is entitled.

Attorney General Opinion JM-382 responded that the reasoning in Attorney General Opinion JM-349 (1985) limited the broad language in Attorney General Opinion MW-388 (1980).

> Attorney General Opinion MW-388 examined article 6813f and determined that the legislature intended article 6813f to override conflicting statutes regarding per diem.  Thus, a limit on the Board of Nurse Examiners, that a "member may not receive any compensation for travel expenses, including expenses for meals and lodging, other than transportation expenses," was held to be superseded by article 6813f in conjunction with the Appropriations Act rider then in effect. The opinion could be read to mean that article 6813f overrides <u>all</u> statutes regarding per diem.

> In Attorney General Opinion JM-349, however, this office concluded that a member of the State Property Tax Board is not entitled to receive the compensatory per diem provided for by article 6813f and by the current Appropriations Act rider concerning per diem. Attorney General Opinion JM-349 dealt with section 5.01(1) of the Tax Code:

> > <u>A member of the board may not receive compensation
> > for his service on the board but is entitled to
> > reimbursement for actual and necessary expenses,</u>
> > as provided by legislative appropriation, incurred
> > while on travel status in the performance of
> > official duties.  (Emphasis added).

Because article 6813f was intended to preempt only "law prescribing the amount of per diem relating to membership on a state board or commission" and because this statute "prohibited" rather than "prescribed" the payment of compensatory per diem, Attorney General Opinion JM-349 concluded that the compensation component of the current Appropriations Act rider regarding per diem does not apply.

Attorney General Opinion JM-382 reiterated the conclusions in Attorney General Opinion JM-349. The ambiguity of article 6813f and of the rider lies in the use of the term "per diem." As we stated in Attorney General Opinion JM-382:

> The primary problem at issue here arises because article 6813f encompasses two concepts: compensatory per diem and per diem which represents reimbursement for expenses. See Attorney General Opinions JM-349 (1985); MW-388 (1981). Although the term 'per diem' has historically encompassed both types of payments, very different considerations apply to each. Texas statutes often created one flat rate payment which included both compensatory and reimbursement per diem. Other statutes provided only for reimbursement for expenses. Some statutes expressly prohibited the receipt of compensation. In creating the numerous state boards and commissions, however, the legislature clearly intended that some would receive compensation, i.e., payment for services, whereas others would not. Article 6813f is ambiguous because it fails to adequately delineate between the two.

The opinion concluded that the legislature could not have intended article 6813f, in conjunction with the General Appropriations Act, to transform all state boards and commissions into lucrative positions, thereby creating myriad dual office-holding problems.

Consequently, a construction of article 6813f was adopted in Attorney General Opinion JM-382 which applied the language in the statute itself that only laws "prescribing the amount of per diem" were suspended to the extent of conflict. Statutes which "prohibited" the receipt of compensatory per diem were not suspended. To the extent that Attorney General Opinion MW-388 could be read to require that all board and commission members should receive the compensation provided for in subsection (1) of article V, section 4, of the General Appropriations Act, it was expressly clarified and limited by Attorney General Opinion JM-382. The result of Attorney General Opinion MW-388 was not reversed.

You ask about a provision similar to that considered in Attorney General Opinion MW-388; one which appears to both "prescribe" and "prohibit" the receipt of per diem. As indicated, article 7465a, section 5(h) of the Veterinary Licensing Act provides:

> Each Board member is entitled to a per diem as set by legislative appropriation for each day that the member engages in the business of the Board. A member may not receive any compensation for travel expenses, including expenses for meals and lodging, other than transportation expenses. A member is entitled to compensation for transportation expenses as prescribed by the General Appropriations Act.

The section begins and ends by prescribing that the amount of a board member's per diem is that fixed by the General Appropriations Act. But the provision prohibits the receipt of a component of per diem for actual expenses. This provision differs from that at issue in Attorney General Opinion JM-349. We believe that, overall, section 5(h) of the Veterinary Licensing Act is a provision which prescribes the amount of per diem to which a board or commission member is entitled. Consequently, it is superseded by article 6813f in conjunction with the current General Appropriations Act.

It has been suggested that our conclusion with regard to question 4 in Attorney General Opinion JM-382 also has a bearing on the issue at hand. As stated in Attorney General Opinion JM-382:

> Your fourth question concerns the effect of article 6813f on a statute enacted subsequent to article 6813f. As indicated at the beginning of this opinion, a rider to a general appropriations bill cannot amend, modify, or repeal general law. Accordingly, the basic preemptive effect of article 6813f must depend primarily upon when it was enacted. As a general rule, when two statutes deal with the same subject, the most recently enacted statute prevails. Consequently, a statute which is passed subsequent to article 6813f and which concerns the amount of per diem a particular board's members are entitled to receive would create an exception to article 6813f with regard to that board or commission. Because section 4(1) of article V of the current Appropriations Act provides for per diem '[a]s authorized by Section 2 of article 6813f,' it does not apply to per diem established by other statutes, i.e., those enacted after article 6813f. The statute for the

particular board and the board's appropriation would control.

Section 5(h) of the Veterinary Licensing Act and article 6813f, V.T.C.S., as originally enacted, were both enacted during the same legislative session. Arguably, if section 5(h) was passed _after_ article 6813f, it would not be preempted by article 6813f.

The session laws, however, reveal that in this case this is not a problem. Article 6813f passed by the legislature on May 31, 1981 while section 5(h) was passed by the legislature on May 27, 1981. Moreover, section 2 of article 6813f was amended in 1983, thereby providing a more recent expression of the legislature's intent that it preempts conflicting provisions which prescribe the amount of per diem due to state board and commission members. See Acts 1983, 68th Leg., ch. 761, at 4571.

### S U M M A R Y

Members of the Texas Board of Veterinary Medical Examiners are entitled to reimbursement for expenses pursuant to article 6813f, V.T.C.S., in conjunction with section 4 of article V of the current General Appropriations Act.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General